IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| XAVIER BRYANT,   ) | Case No. 3:20-cv-456 |
| ) | |
| Petitioner,   ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v.   ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| NORMAN ROBINSON, WARDEN,   ) | |
| ) | |
| Respondent.   ) | **REPORT AND** |
| ) | **RECOMMENDATION**[1] |

On February 19, 2016, a Toledo, Ohio, police SWAT team executed a no-knock search warrant at a house where police suspected illegal drug activity. As the officers proceeded through the house, four shots were fired in their direction. Three occupants fled down the stairs to the basement, where they were soon apprehended. Among them was Xavier Bryant, who was found next to a partially concealed 9mm handgun. Upon inspection, the magazine was found to be missing four bullets; and Bryant's DNA was found on the gun. After being charged, Bryant later pleaded guilty to two counts of felonious assault and one firearm specification and was sentenced to 15 years' imprisonment.

Bryant filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 (ECF Doc. 1) raising two grounds for relief:

> **Ground One:** Trial counsel was ineffective for failing to present evidence in support of merging his charges, including having an expert testify that Bryant

---

[1] This matter is before me by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation pursuant to Local Rule 72.1.

could not have known of the officers' position in relation to him (ECF Doc. 1 at 5).

**Ground Two:** Bryant's consecutive sentences on his felonious assault convictions violated the Double Jeopardy Clause of the Fifth Amendment (ECF Doc. 1 at 7).

Respondent, Warden Norman Robinson, filed a return of writ. ECF Doc. 7. And Bryant filed a counseled traverse. ECF Doc. 10.

Because Bryant's claims are noncognizable and/or lack merit, I recommend that the claims be DISMISSED and that his petition for writ of habeas corpus be DENIED. I further recommend that Bryant not be granted a certificate of appealability.

I.   **State Court Proceedings**

   A.   **Trial Court**

On February 26, 2016, a Lucas County, Ohio, grand jury indicted Bryant with four counts of felonious assault; a three-year firearm specification was attached to each count. ECF Doc. 7-1 at 3-6. After an initial not guilty plea, Bryant later pleaded guilty under a negotiated plea agreement to two counts of felonious assault and one firearm specification; and the state agreed to dismiss the remaining charges at sentencing. ECF Doc. 7-1 at 8-10; ECF Doc. 7-2 at 2-3, 13-14.

Before sentencing, Bryant filed a sentencing memorandum which contended his two felonious assault charges should merge for sentencing, arguing that the two offenses constituted allied offenses of similar import under Ohio Rev. Code § 2941.25 because: (1) there was no break in time between the gunshots; and (2) the evidence showed no "true aiming of the firearm" at any point. ECF Doc. 7-1 at 15-20.

The state filed a response, providing the following factual background. ECF Doc. 7-1 at 22-30. After receiving information of narcotics activity, a four-man SWAT team executed a no-

knock search warrant of a certain residence. ECF Doc. 7-1 at 23. As they approached the house, one of the officers yelled: "Police with a warrant!" ECF Doc. 7-1 at 24. Upon entry, they deployed non-lethal projectiles through the windows and a flash bang grenade into the living room. *Id.* They proceeded through the living room and were fired upon from the kitchen. *Id.* The gunfire stopped, and the officers continued into the kitchen, where they were set upon by a pit bull. *Id.* After incapacitating the pit bull, the officers went into the basement and apprehended three suspects, including Bryant. *Id.* Near him was a 9mm handgun that could hold 16 rounds but was only loaded with 12. *Id.* And a DNA test later revealed only Bryant's DNA on the gun. ECF Doc. 7-1 at 25. An investigation revealed three entry holes in the kitchen's south wall: one that penetrated the wall and entered the dining room, landing on the floor; and two that did not penetrate all the way through the kitchen wall. *Id.* A fourth bullet went through the archway separating the kitchen and the living room and penetrated an adjacent wall. *Id.* A suspect other than Bryant admitted he had heard the police announce themselves and knew it was the police because of the non-lethal rounds. *Id.*

At sentencing, the trial court specified that the relevant issue was whether Bryant knew or should have known at least two people were behind the wall he was shooting or acted recklessly. ECF Doc. 7-2 at 24. Bryant, by counsel, responded that, based on his review of discovery, there was no indication that he had a clear line of sight to the officers. *Id.* The state asserted that Bryant would have heard numerous voices, footsteps, and sounds indicating the presence of more than one officer entering the house. ECF Doc. 7-2 at 29. Based on the information presented, the trial court denied Bryant's request to merge the felonious assault charges. *Id.* The court sentenced him to prison terms of 6 years on each felonious assault charge and 3 years on

the firearm specification, all to be served consecutively, for an aggregate 15-year sentence. ECF Doc. 7-1 at 32-33; ECF Doc. 7-2 at 35-36.

      **B.**      **Direct Appeal**

On September 29, 2017, Bryant was granted leave to file a delayed appeal. ECF Doc. 7-1 at 49-51. Bryant – through new appointed counsel – filed a merits brief, raising two assignments of error:

> **Assignment of Error One:** The trial court erred in failing to merge the counts of felonious assault, thereby violating the Double Jeopardy Clauses of the Fifth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution. ***
>
> **Assignment of Error Two:** Trial counsel rendered ineffective assistance at sentencing, whe[n] he failed to introduce any evidence into the record in support of the merger issue.

ECF Doc. 7-1 at 59. In support of the first assignment of error, Bryant argued that a remand was required because there were insufficient facts in the record to determine whether merger was warranted, given trial court's ruling based solely on the parties' representations, without any actual evidence. ECF Doc. 7-1 at 63-67. Bryant argued further that the charges should have been merged because the state presented no evidence that more than one officer was in the dining room at the time he fired. ECF Doc. 7-1 at 68. In support of his second assignment of error, Bryant argued that trial counsel failed to make a record for appellate review by introducing evidence at sentencing, such as calling one of the officers to testify. ECF Doc. 7-1 at 69.

The state filed an appellee brief. ECF Doc. 7-1 at 75-85. On December 7, 2018, the Ohio Court of Appeals overruled Bryant's assignments of error and affirmed his sentences. ECF Doc. 7-1 at 86-93; *State v. Bryant*, 2018-Ohio-4910 (Ohio Ct. App. Dec. 7, 2018). As to his first assignment of error, the court, applying only state law related to Ohio Rev. Code § 2941.25, reasoned:

4

> Here, the state asserted that multiple officers entered the residence shouting "Police. Search Warrant." and that four of those officers were present in the dining room when [Bryant] fired his shots. The trial court implicitly concluded that [Bryant] must have heard multiple voices and known that there were multiple officers present. We reach the same conclusion. It stands to reason that during an armed police raid, where distraction devices such as "knee-knockers" and flash bangs are used, and where multiple officers are yelling and shouting orders, that [Bryant] would know, or at least should have known, that more than one officer would actually enter the residence. Thus, we conclude from the information presented at the sentencing hearing that there was a separate animus for each offense. "Where a defendant commits the same offense against different victims during the course of conduct, a separate animus exists for each offense." *State v. Mitchell*, 6th Dist. Erie No. E-09-064, 2011-Ohio-973, ¶41, quoting *State v. Gregory*, 90 Ohio App. 3d 124, 129, 628 N.E.2d 86 (12th Dist. 1993). Therefore, we hold that the offenses of felonious assault in Counts 1 and 2 should not merge.

ECF Doc. 7-1 at 91. As to his second assignment of error, the court applied the two-pronged *Strickland v. Washington*, 466 U.S. 668 (1984), standard to find:

> Here, [Bryant] has not demonstrated prejudice. [He] argues that because counsel did not introduce evidence, he failed to create a record for meaningful appellate review. However, [Bryant] does not point to any information in the record which shows that the offenses should have been merged, and there is no evidence in the record of any potential information that counsel failed to provide which would have shown that the offenses should have been merged. Thus, [Bryant] has failed to demonstrate that but for counsel's error the result of the proceedings would have been different. Therefore, we hold that [Bryant] has not satisfied the standard for a claim of ineffective assistance of counsel.

ECF Doc. 7-1 at 92.

On January 16, 2019, Bryant appealed to the Ohio Supreme Court. ECF Doc. 7-1 at 94. In memorandum in support of jurisdiction, he raised two propositions of law:

> **Proposition of Law No.1:** [Bryant] was given ineffective assistance of counsel. This [was] a violation of his Sixth Amendment right under the United States Constitution.
>
> **Proposition of Law No. 2:** The trial court failed to merge the two felonious assault counts, thereby violating the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

5

ECF Doc. 7-1 at 97. In support of his first proposition of law, Bryant argued that counsel failed to bring in "someone from the construction trade" to testify at sentencing, which would have showed that Bryant could not have known the police position in relation to him. ECF Doc. 7-1 at 99. He also argued that counsel failed to call an officer at the scene to testify. *Id.*

In support of his second proposition of law, Bryant argued that the Fifth Amendment, implemented in Ohio law under Ohio Rev. Code § 2941.25, required the trial court to impose concurrent sentences. ECF Doc. 7-1 at 100. He argued that he could not hear that there were four different officers in the room next to where he was and there had been several cases of black market traders robbing one another by claiming to be police. ECF Doc. 7-1 at 100-01. On March 6, 2019, the Ohio Supreme Court declined to exercise jurisdiction. ECF Doc. 7-1 at 112.

## II. Law & Analysis

### A. Ground Two: Double Jeopardy[2]

#### 1. Parties' Arguments

In his Ground Two claim, Bryant argues that his Fifth Amendment right against double jeopardy was violated when the trial court ordered that his prison terms on his felonious assault convictions be served consecutively. ECF Doc. 1 at 7.

Warden Robinson responds that Bryant's Ground Two claim is noncognizable to the extent he asserts that his sentence violated Ohio law and Ohio's merger statute. ECF Doc. 7 at 18-19. Reading Bryant's Ground Two claim as also challenging the weight of the evidence to sustain his convictions, Warden Robinson further argues that such a claim is not cognizable. ECF Doc. 7 at 19-20. Warden Robinson also argues that Bryant's Ground Two claim is procedurally defaulted because he did not fairly present his claim as a federal constitutional

---

[2] Bryant's claims are presented and addressed in reverse order for ease of analysis.

6

claim in state court, given that his briefs only made passing references to the Fifth Amendment. ECF Doc. 7 at 20-21. Alternatively, Warden Robinson argues the claim is meritless because the state court reasonably determined that Bryant's convictions did not merge. ECF Doc. 7 at 21-26.

In his traverse, Bryant notes that the claim Warden Robinson described as Ground Two does not correlate with the claim Bryant actually raises in his petition. ECF Doc. 10 at 10. He further argues that he presented his claim in sufficient terms to have fairly presented it in state court. ECF Doc. 10 at 10-11. He contends the convictions should have merged because he did not have a clear line of sight to the officers and did not hear them because of the loudness of their entry devices. ECF Doc. 10 at 11-13. And, he argues, the two felonious assaults were allied offenses under Ohio's merger statute. ECF Doc. 10 at 12.

### 2. Cognizability

Warden Robinson has misconstrued Bryant's Ground Two claim. Nowhere in Bryant's petition does he contend – as Warden Robinson asserts – that his convictions violate the Ohio Constitution and were against the weight of the evidence. ECF Doc. 7 at 18; *see generally* ECF Doc. 1. The gravamen of Bryant's Ground One challenge is the impropriety of separate sentences on his felonious assault convictions, which he raises as a violation of the Fifth Amendment. ECF Doc. 1 at 7. Such a claim *is* cognizable in a federal habeas case. 28 U.S.C. § 2254(a); *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989) ("[The Fifth Amendment] protects against multiple punishments for the same offense.").

However, although not asserted in his counseled Traverse, Bryant's pro se petition could also be read as a challenge to the trial court's discretionary decision (made after ruling on the merger issue) to impose consecutive sentences. ECF Doc. 1 at 7; ECF Doc. 7-2 at 29, 35-36; *see*

*Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (stating that pro se habeas petitions are entitled to liberal construction and in some cases "active interpretation"). To the extent Bryant sought to challenge the trial court's discretionary determination to impose consecutive sentences, such a claim is *not* cognizable on federal habeas review. *Driggins v. Lazaroff*, No. 1:14CV919, 2015 U.S. Dist. LEXIS 154418, at *87 (N.D. Ohio Sept. 28, 2015); *see also Stepp v. Warren Corr. Inst.*, No. 1:16-cv-283, 2018 U.S. Dist. LEXIS 74813, at *13-15 (S.D. Ohio May 3, 2018); *Hoffman v. Tribley*, No. 13-10868, 2013 U.S. Dist. LEXIS 37555, at *3-4 (E.D. Mich. 19, 2013). I recommend that Bryant's Ground Two claim, to the extent it asserts a claim that the imposition of consecutive sentences was unconstitutional, be DISMISSED IN PART as noncognizable.

    3.    **Procedural Default**

        a.    **Law**

Procedural default – a bar to federal habeas review of the defaulted claim – can occur when the petitioner fails to fairly present the claim to the state courts while state court remedies were still available. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A claim is fairly presented when it has been asserted – as a federal constitutional issue – at every stage of the state court review process. *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 285 (6th Cir. 2010); *Williams*, 460 F.3d at 806. The fair-presentment requirement can be satisfied in one of four ways:

    (1) reliance upon federal cases employing constitutional analysis;

    (2) reliance upon state cases employing federal constitutional analysis;

    (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or

    (4) alleging facts well within the mainstream of constitutional law.

*Beach v. Moore*, 343 F. App'x 7, 10 (6th Cir. 2009) (quotation marks omitted).

### b. Analysis

Bryant's Ground Two claim is *not* procedurally defaulted. On direct appeal and on appeal to the Ohio Supreme Court, Bryant explicitly asserted that the failure to merge his felonious assault offenses violated the Double Jeopardy Clause of the Fifth Amendment. *Id.* at 10; ECF Doc. 7-1 at 69, 100. Although the substance of that challenge was brought under Ohio Rev. Code § 2941.25 and related state case law, this court has held that raising an allied offense claim under § 2941.25 is the substantive equivalent of raising a double jeopardy claim. ECF Doc. 7-1 at 63-68, 100-01; *Jackson v. Smith*, No. 5:09 CV 1467, 2011 U.S. Dist. LEXIS 106362, at *33-34 (N.D. Ohio Sept. 21, 2011); *McKitrick v. Jeffries*, No. 3:05 CV 637, 2006 U.S. Dist. LEXIS 29472, at *6-10 (N.D. May 10, 2006); *see also*, *e.g.*, *Moten v. Cook*, No. 3:19-cv-267, 2019 U.S. Dist. LEXIS 187872, at *1-2 (S.D. Ohio Oct. 29, 2019) ("[W]hen a habeas petitioner has presented his Double Jeopardy claim to the state courts solely in terms of Ohio Revised Code § 2941.25, he will not be deemed to have procedurally defaulted the Double Jeopardy claim because making a claim in terms of Ohio Revised Code § 2941.25 'fairly presents' the Double Jeopardy issue."); *Whipple v. Warden, S. Corr. Facility*, No. 1:14-cv-119, 2014 U.S. Dist. LEXIS 141843, at *33 (S.D. Ohio Oct. 6, 2014); *Warden, Warren Corr. Inst.*, No. 1:12-cv-644, 2014 U.S. Dist. LEXIS 14157, at *4 (S.D. Ohio Feb. 5, 2014). And although the Ohio Court of Appeals analyzed Bryant's claim only under § 2941.25, the Sixth Circuit has held that a state court's analysis of § 2941.25 "is entirely dispositive of the federal double jeopardy claim." *Jackson v. Smith*, 745 F.3d 206, 210 (6th Cir. 2014).

4.   **Merits**

a.   **AEDPA Deference**

To obtain a writ of habeas corpus, Bryant has to show that he is "in custody" in violation of the Constitution or laws and treaties of the United States.  28 U.S.C. § 2254(a).  Because the Ohio Court of Appeals addressed Bryant's Ground Two claim on the merits, the claim is subject to a heightened standard under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  *Taylor v. Patel*, No. 20-1381, ___ F. App'x ___, 2021 U.S. App. LEXIS 24142, at *10 (6th Cir. 2021).  Under that standard, habeas relief is only available when the state court's decision: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the record before the state court.  28 U.S.C. § 2254(d).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation marks omitted).  The petitioner must show that the state court's "decision was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id.* at 103.

b.   **Double Jeopardy**

The Double Jeopardy Clause of the Fifth Amendment protects against (among other things) "multiple punishments for the same offense."  U.S. Const. amend. V; *Pearce*, 395 U.S. at 717.  More specifically, it "prevent[s] the sentencing court from prescribing greater punishment than the legislature intended."  *Missouri v. Hunter*, 459 U.S. 359, 66 (1983).  If the state legislature intended to impose multiple punishments for the same offense, no Fifth Amendment

10

violation occurs. *Id.* In assessing the intent of a state legislature, federal courts are bound by a state court's determination that a legislature intended multiple punishments for a single criminal incident. *Lash v. Sheldon*, No. 1:19 CV 1616, 2020 U.S. Dist. LEXIS 217302, at *41 (N.D. Ohio Oct. 20, 2020) (citing *Volpe v. Trim*, 708 F.3d 688, 696-97 (6th Cir. 2013)).

Ohio courts apply Ohio Rev. Code § 2941.25 to determine how the Ohio General Assembly intended to deal with "cumulative punishments." *Volpe*, 708 F.3d at 697. It provides:

> (A) Where the same conduct by a defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain for all such offenses, and the defendant may be convicted of all of them.

Ohio Rev. Code § 2941.25.

c.  Analysis

The Ohio Court of Appeals determined that Bryant's two felonious convictions were committed with a separate animus at to each, such that Bryant could be convicted of them separately under Ohio Rev. Code § 2941.25(B). ECF Doc. 7-1 at 91. That is a state law determination to which we must defer and are bound by. *Lash*, 2020 U.S. Dist. LEXIS 217302, at *43; *Potts v. Turner*, No. 3:18-cv-451, 2021 U.S. Dist. LEXIS 32376, at *31 (N.D. Ohio Feb. 22, 2021). And habeas relief is not available for any error the state court may have committed in applying § 2941.25 to Bryant's case. *Jackson*, 745 F.3d at 214 ("At worst, the state court incorrectly applied Ohio's allied offenses statute to determine the legislature's intent. Habeas relief, especially when circumscribed by § 2254(d)(1), is not available for such alleged errors." (footnote omitted)).

We are limited then to the issue of whether the Ohio Court of Appeals' decision was based upon an unreasonable determination of the facts in light of the record before it. 28 U.S.C. § 2254(d)(2). For purposes of merger, Ohio courts consider "the entire record, including arguments and information presented at the sentencing hearing." *State v. Washington*, 137 Ohio St. 3d 427, 434 (Ohio 2013). According to the state's uncontroverted statements to the trial court, Bryant fired from the kitchen "[a]s the first four officers entered the dining room," after several officers had yelled their status as officers and deployed a flash bang and non-lethal projectiles into the house. ECF Doc. 7-1 at 24; ECF Doc. 7-2 at 21-24. The Ohio Court of Appeals accurately presented these facts and relied upon them in affirming the trial court's conclusion that Bryant's felonious assault charges did not merge. ECF Doc. 7-1 at 91. From these facts, the state courts could reasonably conclude that Bryant knew there was more than one person on the other side of the wall he fired toward. The act of shooting put more than one person at risk of serious harm. And "[i]n situations where a defendant has knowledge that more than one victim could be harmed, [Ohio] courts have concluded there is a separate animus for each victim at risk." *State v.* Crisp, 2012-Ohio-1730, ¶36 (Ohio Ct. App. 2012); *see also State v. Clay*, 2013-Ohio-4649, ¶ 84 (Ohio Ct. App. 2013). Thus, the state court's decision did not involve an unreasonable determination of the facts presented. 28 U.S.C. § 2254(d)(2). Under the circumstances, AEDPA requires us to accept the Ohio courts' findings.

I recommend that Bryant's Ground Two claim be DISMISSED IN PART for lack of merit.

**B.     Ground One: Ineffective Assistance of Trial Counsel**

    **1.     Parties' Arguments**

In his Ground One claim, Bryant argues that trial counsel was ineffective for not presenting evidence in support of merging his felonious assault counts and for failing to call an expert to testify that he could not have known the position of the SWAT team members in relation to him. ECF Doc. 1 at 5. Warden Robinson responds that the Ohio Court of Appeals reasonably determined that Bryant suffered no prejudice. ECF Doc. 7 at 26-29.

In his traverse, Bryant argues that he did not hear the officers entering the house announce themselves and only heard "booms." ECF Doc. 10 at 8. He argues that there were three officers present at the sentencing hearing that could have testified to the use of the non-lethal weapons and their purpose (to stun, disorient, and confuse). ECF Doc. 10 at 7-8.

    **2.     Governing Standards**

Ineffective assistance of counsel claims are governed by *Strickland*, under which the petitioner must show that (1) trial counsel behaved *unreasonably*; and (2) that unreasonable performance *prejudiced* the defense. 466 U.S. at 687. This standard creates a rebuttable presumption that counsel acted reasonably, a presumption further amplified by AEDPA. *Id.* at 690; *Harrington*, 562 U.S. at 105. The question becomes "not whether counsel's actions were reasonable, but whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington*, 562 U.S. at 105.

    **3.     Analysis**

The Ohio Court of Appeals' denial of Bryant's Ground claim was neither contrary to, nor an unreasonable application of, *Strickland*. 28 U.S.C. § 2254(d)(1). The court explicitly cited

and applied the two-prong deficiency and prejudice *Strickland* standard. ECF Doc. 7-1 at 92. And the court reasonably determined that Bryant failed to establish prejudice. *Id.*

The Ohio Court of Appeals determined that Bryant failed to establish prejudice because Bryant failed to point to information in the record, and a review of the record did not reveal evidence of any potential information, that would have shown that the felonious assault offenses should have merged. ECF Doc. 7-1 at 92. Fair-minded jurists could disagree on the correctness of that determination. *See Harrington*, 562 U.S. at 102-03. At sentencing, it was undisputed that (1) Bryant was the one who fired the gun; (2) he fired four gunshots from the kitchen toward the dining room; (3) four officers had entered in the living room at the time he began shooting; (4) prior to the shooting the officers had announced themselves; and (5) discovery suggested Bryant did *not* have a clear line of sight to the officers. ECF Doc. 7-2 at 20-27, 29. And Bryant stated that he did not hear the officers announce themselves, hearing only "booms," was "high on drugs," and acted out of panic. ECF Doc. 7-2 at 33. The relevant question, then, was whether Bryant was aware that there was more than one officer (one for each felonious assault conviction) on the other side of the wall he shot at. *State v. Williams*, 685 N.E.2d 358, 365-66 (Ohio Ct. App. 1996).

The state court reasonably could have determined that calling the officers to testify – as Bryant proposed in his merits brief – would not have resulted in merger, given three of the officers were present at the sentencing hearing and nodded in affirmation that they had announced themselves. ECF Doc. 7-2 at 22-23. Based on the information presented at sentencing, the state court could reasonably infer that Bryant was aware of the officers' presence. *See Williams*, 685 N.E.2d at 366. Procedural default aside, Bryant's later argument to the Ohio Supreme Court that counsel should have called an expert to establish that he lacked a clear line

14

of sight is inapposite, given that the trial court's ruling was based on what Bryant likely *heard*, not what he *saw*. ECF Doc. 7-2 at 29. Therefore, the state court's conclusion that Bryant suffered no prejudice on account of counsel's failure to present evidence in support of merging his felonious assault offenses was not so lacking in justification that it was beyond any possibility for fair-minded disagreement. *Harrington*, 562 U.S. at 103.

I recommend that Bryant's Ground One claim be DISMISSED for lack of merit.

### III. Certificate of Appealability

#### A. Legal Standard

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks the requirement of § 2253(c)(3) that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253 (c)(2)," Rule 11(a). In light of the Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the COA issue is included here.

Under 28 U.S.C. § 2253(c)(1)(A), this court will grant a COA for an issue raised in a §2254 habeas petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right. *Cunningham v. Shoop*, 817 F. App'x 223, 224 (6th Cir. 2020). A petitioner satisfies this standard by demonstrating that reasonable jurists "could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quotation marks omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a claim is denied on procedural grounds, the petitioner must show "that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

    **B.**    **Analysis**

If the Court accepts my recommendations, Bryant will not be able to show that the Court's rulings on his claims are debatable among jurists of reason. Bryant's Ground One claim is meritless, and his Ground Two claim is noncognizable in part and meritless. Because jurists of reason would not find debatable that relief is not available for any of the claims raised in Bryant's petition, I recommend that no certificate of appealability issue in this case.

**IV.**    **Recommendation**

Because both of Bryant's claims lack merit, I recommend that Bryant's claims be DISMISSED and that his petition for writ of habeas corpus be DENIED. I further recommend that Bryant not be granted a COA.

Dated: September 21, 2021

                                                          Thomas M. Parker
                                                          United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).