UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| XAVIER BRYANT, | ) | CASE NO. 3:20-CV-456 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| NORMAN ROBINSON, WARDEN, | ) | OPINION AND ORDER |
| LONDON CORRECTIONAL | ) | |
| INSTITUTION | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Petitioner Xavier Bryant's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (ECF # 1). For the following reasons, the Court accepts and **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** the Petition.

### BACKGROUND FACTS

The following is a brief synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated herein, provides a more complete and detailed factual discussion.

On February 19, 2016, a Toledo, Ohio, police SWAT team executed a no-knock search warrant at a house where police suspected illegal drug activity. As the officers proceeded through the house, four shots were fired in their direction from an adjacent room. Three occupants fled down the stairs to the basement, where they were apprehended. Among them was Petitioner, who was found next to a partially concealed 9mm handgun. Upon inspection, the

1

magazine was found to be missing four bullets; and Petitioner's DNA was found on the gun. After being charged in state court with four counts of Felonious Assault with a Firearm Specification, Petitioner pleaded guilty to one count of Felonious Assault and one count of Felonious Assault with a Firearm Specification as part of a plea agreement and was sentenced to 15 years imprisonment.

Bryant filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF # 1) raising two grounds for relief:

> **Ground One:** Trial counsel was ineffective for failing to present evidence in support of merging his charges, including having an expert testify that Bryant could not have known of the officers' position in relation to him. (ECF # 1 at 5.)
>
> **Ground Two:** Bryant's consecutive sentences on his felonious assault convictions violated the Double Jeopardy Clause of the Fifth Amendment. (ECF # 1 at 7.)

On May 7, 2020, the Court referred the Petition to a Magistrate Judge for a Report and Recommendation. (See Non-Document Entry of May 7, 2020.) On July 7, 2020, Respondent filed his Return of Writ. (ECF # 7.) Petitioner filed a Traverse. (ECF # 10.) On September 21, 2021, the Magistrate Judge issued a Report and Recommendation recommending the Court dismiss Petitioner's claims and the Petition for Writ of Habeas Corpus be denied. (ECF # 11.) The Magistrate Judge further recommended that Petitioner not be granted a certificate of appealability. (*Id.*)

On February 25, 2022, Petitioner timely filed his Objection. (ECF # 14). With leave of court, on September 8, 2022, Respondent filed a Response to Objections. (ECF # 15.)

### STANDARD OF REVIEW

This matter is governed by provisions of the April 1996 enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). *See Penry v. Johnson,* 532 U.S. 782, 792, 121 S. Ct. 1910, 150 L. Ed. 2d 9 (2001). AEDPA has "drastically

2

changed" the nature of habeas review. *Bailey v. Mitchell,* 271 F.3d 652, 655 (6th Cir. 2001). AEDPA "dictates a highly deferential standard for evaluating state-court rulings which demands the state court decisions be given the benefit of the doubt." *Bell v. Cone,* 543 U.S. 447, 455, 125 S. Ct. 847, 160 L. Ed. 2d 881 (2005) (citations omitted); see *Hardy v. Cross,* 565 U.S. 65, 132 S. Ct. 490, 491, 181 L. Ed. 2d 468 (2011) (per curiam); *Felkner v. Jackson,* 562 U.S. 594, 597, 131 S. Ct. 1305, 179 L. Ed. 2d 374 (2011) (per curiam); *Renico v. Lett,* 559 U.S. 766, 773 (2010). "AEDPA requires heightened respect for state court factual and legal determinations." *Lundgren v. Mitchell,* 440 F.3d 754, 762 (6th Cir. 2006).

If a state court adjudicated the claim, deferential AEDPA standards must be applied. 28 U.S.C. § 2254(d); see *Premo v. Moore,* 562 U.S. 115, 121, 131 S. Ct. 733, 178 L. Ed. 2d 649 (2011); *Waddington v. Sarausad,* 555 U.S. 179, 190, 129 S. Ct. 823, 172 L. Ed. 2d 532 (2009); *Holder v. Palmer,* 588 F.3d 328, 341 (6th Cir. 2009) (("[A]ny claim that was adjudicated on the merits in State court proceedings' is subject to AEDPA deference.") (quoting 28 U.S.C. § 2254(d)). AEDPA prevents federal habeas "retrials" and ensures that state court convictions are given effect to the extent possible under law. *Bell,* 535 U.S. at 693-94. It prohibits "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Parker v. Matthews,* 567 U.S. 37, 132 S. Ct. 2148, 2149, 183 L. Ed. 2d 32 (2012) (per curiam).

The AEDPA standard is difficult to meet "because it was meant to be." *Harrington v. Richter,* 562 U.S. 86, 102, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011) "Section 2254(d) reflects the that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error corrections through appeal." *Id.* at 102-03 (citation and internal quotation omitted); see *Woods v. Donald,* 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464

3

(2015). Section 2254(d) states that an application for a writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see *White v. Wheeler,* 136 S. Ct. 456, 460, 193 L. Ed. 2d 384 (2015); *White v. Woodall,* 134 S. Ct. 1697, 1702, 188 L. Ed. 2d 698 (2014); *Davis v. Ayala,* 135 S. Ct. at 2198.

An unreasonable application of the Supreme Court's holding must be "'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *White v. Woodall,* 134 S. Ct. at 1702 (quoting *Lockyer v. Andrade,* 538 U.S. 63, 75-76, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003)). Rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *White v. Woodall,* 134 S. Ct. at 1702 (quoting *Harrington v. Richter*, 562 U.S. at 103).

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen,* 558 U.S. 290, 301, 130 S. Ct. 841, 175 L. Ed. 2d 738 (2010). Section 2254 (d)(2) requires that this Court accord the state trial court substantial deference. If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede

4

the trial court's determination. *Brumfield v. Cain,* 135 S. Ct. 2269, 2277, 192 L. Ed. 2d 356 (2015); *Burt v. Titlow,* 134 S. Ct. at 15.

### ANALYSIS

The Magistrate Judge examined Petitioner's Grounds in reverse order. The Court will follow suit.

**I.     GROUND TWO: DOUBLE JEOPARDY**

The Magistrate Judge resolved perceived ambiguity in Petitioner's Ground Two claim by analyzing it two ways. First, the Magistrate Judge concluded that, to the extent that Ground Two seeks to challenge the state trial court's discretionary determination to impose consecutive sentences, the challenge is not cognizable on federal habeas review and should be dismissed. (ECF # 11 at 8.) Alternatively, if the Ground Two challenge concerns the propriety of separate sentences on his Felonious Assault convictions under the Fifth Amendment's prohibition against multiple punishments for the same offense, it is cognizable under federal habeas review. (*Id.* at 7.) The Magistrate Judge also found that the claim was not procedurally defaulted because on direct appeal and on appeal to the Ohio Supreme Court, Bryant fairly presented the double jeopardy issue under analogous state law.

The Magistrate Judge addressed the merits of the challenge under the Fifth Amendment and found that the Court's review under § 2254(d)(1) was bound by the Ohio Court of Appeals determination that Petitioner's two Felonious Assault charges were each committed with separate animus such that Petitioner could be convicted of them separately under Ohio Rev. Code § 2941.25(B). In support, the Magistrate Judge cited Sixth Circuit precedent holding a state court's analysis of § 2941.25 "is entirely dispositive of the federal double jeopardy claim." *Jackson v. Smith,* 745 F.3d 206, 210 (6th Cir. 2014).

Petitioner objected that because the double jeopardy issue was fairly presented to the state court, it is not beyond the reach of the federal court. Petitioner argues that the Ohio Court of Appeals decision was contrary to, or involved an unreasonable application of, clearly established federal law, specifically the Fifth Amendment's prohibition on multiple punishments for the same offense. However, Petitioner's objection did not address the substance of the Magistrate Judge's § 2254(d)(1) analysis.

The Magistrate Judge's reliance on *Jackson* is appropriate. *Jackson* stands for the proposition that an adjudication of double jeopardy under Ohio's allied offenses statute, Ohio Rev. Code § 2941.25, is a concurrent adjudication of the federal claim, even if the state court is silent on the federal claim. *Id.* at 210. Under *Jackson's* directive, the Court must defer to the state court's adjudication of the Fifth Amendment issue. *Id.* (citing 28 U.S.C. § 2254(d)(1)). Accordingly, the state court's resolution of the double jeopardy claim is not contrary to, or an unreasonable application of, clearly established federal law.

The Magistrate Judge's § 2254(d)(2) analysis determined the state court's decision to not merge the offenses was reasonable based on the facts presented. Specifically, the Magistrate Judge relied upon the state's uncontroverted statements to the trial court that Petitioner fired from the kitchen after several officers had yelled their status as officers. Based on this presentation to the trial court at sentencing, the Magistrate Judge concluded it was reasonable for the trial court, implicitly, and the appeals court, explicitly, to find that during the chaos of an armed police raid, Petitioner knew or should have known that more than one officer would and had entered the residence.

Petitioner contends that the chaos of the SWAT raid, including the use of flashbangs, precludes a factual finding that he acted with separate animus because he "did not have

6

knowledge that more than one victim could be harmed" when he fired four shots without pause through a wall and into an adjacent room without line of sight. (ECF # 13 at 3.)

It is not sufficient on objection to merely posit that because the state courts found that there was separate animus that they had failed to consider Petitioner's argument. (ECF # 13). The Magistrate Judge found, and the Court agrees, it is reasonable to conclude that Petitioner knew or should have known there were multiple officers present when he blindly fired four rounds into an adjacent room during a SWAT raid, which included law enforcement identifying their presence with yells. (ECF # 11).

In a federal habeas proceeding, state-court credibility determinations are accorded considerable deference given "the respect due state courts in our federal system," and we presume them "correct absent clear and convincing evidence to the contrary." *Miller-El v. Cockrell,* 537 U.S. 322, 339-40, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003); see *Marshall v. Lonberger,* 459 U.S. 422, 434, 103 S. Ct. 843, 74 L. Ed. 2d 646 (1983) (explaining that federal habeas courts do not second-guess credibility determinations by state courts where we have not also had an opportunity to observe the testimony). Petitioner has failed to present any evidence, clear and convincing or otherwise, that the state court unreasonably found that separate animus was present for each of his charges because he knew or should have known multiple officers were present when he fired the handgun through a wall toward the officers. The Court is bound by the state court decision and Bryant's double jeopardy claim is without merit.

**II.** **GROUND ONE: INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL**

In his Ground One claim, Petitioner argues that trial counsel was ineffective for not presenting evidence in support of merging his Felonious Assault counts. The Magistrate Judge determined the "Court of Appeals' denial of [Petitioner's ineffective assistance of trial counsel] claim was neither contrary to, nor an unreasonable application of, [*Strickland v. Washington,* 466

7

U.S. 668 (1984)]" because state appellate court "explicitly cited and applied the two-prong deficiency and prejudice *Strickland* standard," and the state appellate court "reasonably determined that [Petitioner] failed to establish prejudice." (ECF # 11). Specifically, the Magistrate Judge observed that the trial court's ruling was reasonable based on what Petitioner likely heard, including multiple officers announcing themselves, not what Petitioner saw. *Id.*

Petitioner objects on the basis that he was prejudiced by his counsel's failure to elicit testimony regarding the purpose and effectiveness of flashbangs and other raid techniques used by law enforcement to confuse, disorient and stun the intended targets. Had counsel done so, Petitioner contends it would have provided validation that Petitioner only heard booms, i.e., he could not have heard there was more than one person behind the wall he fired into and separate animus could not attach to his shots.

Petitioner's argument has evolved from what was raised before the state court – his trial counsel was ineffective for failing to create a record – to now include speculation as to what the record would contain. Petitioner's objection is a bridge too far. Petitioner's appeals court merit brief concedes that he could find no precedent for the proposition that trial counsel is ineffective when it fails to elicit testimony in support of merger. The state appeals court declined his invitation to create such precedent when it considered the appeal and found that Petitioner's trial counsel was not ineffective under *Strickland*.

On habeas review of a claim for ineffective assistance of counsel:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.' *Williams*, [529 U.S.

8

at 410]. A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Harrington*, 562 U.S. at 101 (emphases in original).

In other words, when reviewing a state court's ruling on an ineffective assistance of counsel claim, federal habeas courts must utilize a "'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow,* 571 U.S. 12, 15, 134 S. Ct. 10, 187 L. Ed. 2d 348 (2013) (quoting *Cullen v. Pinholster,* 563 U.S. 170, 190, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011) ("We take a 'highly deferential' look at counsel's performance, *Strickland*, [466 U.S. at 689], through the 'deferential lens of § 2254(d),' [*Knowles v. Mirzayance,* 556 U.S. 111, 121 n.2, 129 S. Ct. 1411, 173 L. Ed. 2d 251 (2009) (further citation omitted)].").

Under the double deferential lens of federal habeas corpus review, the Court concludes that the Magistrate Judge's analysis is wholly correct. Petitioner presented no precedent to this Court or the state appeals court for the proposition that trial counsel is ineffective for failure to create a record at sentencing in support of merger. Accordingly, the Magistrate Judge's determination that "the state court's conclusion that Bryant suffered no prejudice on account of counsel's failure to present evidence in support of merging his felonious assault offenses was not so lacking in justification that it was beyond any possibility for fair-minded disagreement" is proper and is adopted by the Court. Further, under *Harrington,* the dispositive question is whether the state court's application of *Strickland* was unreasonable. For all the reasons stated above, the Court finds the state court's application of *Strickland* was not unreasonable in light of the fact that there is no precedential support for Petitioner's argument.

**CONCLUSION**

9

Because Petitioner's objections are not-well taken, the Court **ADOPTS** the Report and Recommendation, **DISMISSES** Ground One as meritless, **DISMISSES** Ground Two as non-cognizable in part and wholly meritless, and **DENIES** the Petition for Writ of Habeas Corpus.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases.

**IT IS SO ORDERED.**

    /s  Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: May 4, 2023**